IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FIRST TENNESSEE BANK NATIONAL ) BLOUNT CIRCUIT
ASSOCIATION, ) C. A. NO. 03A01-9711-CV-00514
)
       Plaintiff-Appellee )
)
)
)
vs. ) HON. W. DALE YOUNG
) JUDGE
)
)
)
RONALD A. WHITE, BERYL A. WHITE,) AFFIRMED AND REMANDED
and DEBRA K. WHITE, )
)
       Defendants-Appellants )


F. D. GIBSON, Maryville, for Appellants.


GORDON D. FOSTER, Lacy & Winchester, Knoxville, for Appellee.


O P I N I O N


                                        McMurray, J.


       This action was instituted in the Chancery Court for Blount

County seeking to revive, by scire facias, a judgment previously

obtained by the plaintiff against the defendants.  The previous

judgment had been obtained in the Circuit Court of Blount County.

The chancellor elected to order this action transferred to the

circuit court rather than dispose of the matter in chancery court. The chancery court action was filed less than ten (10) years after the previous judgment was obtained in circuit court. Ten (10) years had expired, however, before the action was transferred to the circuit court. The defendants moved to dismiss the circuit court action on the grounds that the ten year statute of limitations for judgments as provided in T.C.A. § 28-3-110 had expired. The motion was overruled. Thereafter, judgment was entered reviving and extending the previous judgment for a new statutory period. This appeal resulted. We affirm the judgment of the trial court.

On this appeal, the appellants ask us to review the following issues:

    1.    Is the scire facias action barred by T.C.A. § 28-3-110?

    2.    Is the complaint void due to lack of proper process?

We will first consider the second issue. The issue was not raised in the trial court. It is well-settled that issues not raised at the trial level will not be considered for the first time on appeal. Book-Mart of Florida v. National Book Warehouse, 917 S.W.2d 691, 694 (Tenn. App. 1995); Sparks v. Metropolitan Gov't of Nashville and Davidson County, 771 S.W.2d 430, 434 (Tenn. App.

2

1989).  There is an exception, however.  The issue of jurisdiction can be raised at any time.  <u>See</u> Tennessee Rules of Civil Procedure, Rule 12.08 and <u>Arnold v. Gouvitsa</u>, 735 S.W.2d 458 (Tenn. App. 1987).  Thus, the issue of jurisdiction is properly before the court.  There are two general areas of jurisdiction.  One is subject matter jurisdiction and the other is jurisdiction over the person.  Subject matter jurisdiction is the basis for the court's authority to act and cannot be waived.  <u>See</u> <u>Landers v. Jones</u>, 872 S.W.2d 674, 675 (Tenn. 1994).  Obviously, the court, under the circumstances of this case has subject matter jurisdiction.  (As hereinafter noted, this is simply an action on a debt.)

We will next examine the matter of personal jurisdiction. Unlike subject matter jurisdiction, personal jurisdiction can be waived. The general rule is stated in <u>Dixie Sav. Stores, Inc. v. Turner</u>, 767 S.W.2d 408 (Tenn. App. 1988):

> A party's objections to personal jurisdiction and venue are deemed waived unless they are raised in a timely manner. <u>Kane v. Kane</u>, 547 S.W.2d 559, 560 (Tenn. 1977) (venue); <u>Felty v. Chillicothe Realty Co</u>., 175 Tenn. 315, 318, 134 S.W.2d 153, 154 (1939) (personal jurisdic-tion). Thus, if a party makes a general appearance and does not take issue with venue, adequacy of service of process, personal jurisdiction, or other similar matters, the courts customarily find that the party has waived its objections to these matters. <u>Tennessee Dep't. of Human Serv's v. Daniel</u>, 659 S.W.2d 625, 626 (Tenn. App. 1983) (personal jurisdiction); <u>Walkup v. Covington</u>, 18 Tenn.

3

App. 117, 126, 73 S.W.2d 718, 723-24 (1933) (defect in process).

Id. at page 410.


Rule 12, Tennessee Rules of Civil Procedure has tempered the common law rule to a certain extent. A party may now preserve an issue relating to personal jurisdiction when it is joined with another defense in a responsive motion or pleading. See T.R.C.P., Rule 12.02. Such was not done in this case. Therefore, under the above authorities, the filing of a motion to dismiss on the grounds that the statute of limitations has expired without reservation or an alternative ground challenging the sufficiency of process constitutes a general appearance and the party so appearing waives the deficiency (if any) and submits to the personal jurisdiction of the court.


We find no merit in the appellants' second issue.


We will examine and analyze the first issue under the same circumstances that it was presented to the trial court. The defendants' motion is based upon the following grounds:


1. Judgment in this cause was rendered on October 22, 1985. [The original judgment].

2. On October 16, 1995, an original action was filed in Chancery Court for Blount County styled Writ of Scire Facias between the same parties seeking to

4

revive this judgment under provisions of T.C.A. § 25-4-101 et seq., and T.C.A. § 28-3-110.

3. An order of Transfer was ordered by Chancellor Chester S. Rainwater, Jr., and was entered December 4, 1995.

4. No original action was taken in this case prior to October 22, 1995 and no Writ of Scire Facias was filed in this case prior to October 22, 1995.

5. The current action, being a transfer from Cause #95-104 of the Chancery Court for Blount County, Tennessee is barred by the Statute of Limitations codified in T.C.A. § 28-3-110 and should be dismissed.

It is most significant to note that there is no challenge to the sufficiency of the process in chancery court. The thrust of the appellants' argument is that no process issued from the circuit court until after the statute of limitations had expired and that the chancery court was lacking in jurisdiction since the original judgment sought to be revived was in the circuit court. We find no merit in this contention. As noted in the appellants' brief, the "lead process" in this matter was the issuance of a show cause notice which was served on the appellants on October 20, 1995. The record bears out this fact. The lead process was issued from the chancery court and was served and returned in accordance with Rule 3, Tennessee Rules of Civil Procedure.

Rule 4, prescribes the method of the issuance, form and return of a summons. There is no specific form of a summons prescribed or

5

required. A summons must contain certain information as enumerated in Rule 4.02. The leading process issued from the chancery court on the original complaint in this action substantially complies with the requirements of Rule 4.02. We find that substantial compliance is sufficient provided it is adequate to comply with due process requirements.

> Basic due process requires "notice reasonably calculated under all the circumstances, to apprise interested parties" of the claims of the opposing parties. <u>Mullane v. Central, Hanover Trust Co</u>., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). The purpose of due process requirements is to notify the individual in advance in order to allow adequate preparation and reduce surprise. <u>Memphis Light, Gas, and Water Division v. Craft</u>, 436 U.S. 1, 14, 56 L. Ed. 2d 30, 98 S. Ct. 1554 (1978).

<u>McClellan v. Board of Regents of the State Univ.</u>, 921 S.W.2d 684 (Tenn. 1996).

We find that the leading process issued from the chancery court was sufficient to satisfy due process requirements. Further, there has been no showing of prejudice to the defendants in any way caused by the way and manner in which the leading process was issued and served.

Our next inquiry is whether the chancery court had subject matter jurisdiction to entertain this action when it was originally filed there. Our supreme court has established that actions to renew a judgment are actions upon a debt. <u>Shephard v. Lanier</u>, 241

6

S.W.2d 587 (Tenn. 1951). Such actions may be brought by complaint in chancery. Gibson's Suits in Chancery § 501, (William H. Inman ed., 6th ed. 1982).

Additionally, T.C.A. § 21-1-502 provides as follows:

> **21-1-502. Suits related to actions in other courts.** — The chancery court in which shall be brought any suit or proceeding in which complainant seeks relief predicated upon, closely related to, or growing out of, matters or things theretofore adjudicated by final judgment or decree of the circuit or any other court, whether or not the circuit or other court retained jurisdiction of the cause for the purpose of enforcing or modifying the final judgment or decree, in the sound discretion of the judge or chancellor of the chancery court, either <u>sua sponte</u>, or upon motion of any defendant, may transfer the suit or proceeding to the court in which such matters or things were theretofore finally adjudicated; provided, that the circuit or other court shall have jurisdiction thereof concurrent with the chancery court; and provided further, that it shall be made to appear to the chancery court that the transfer of the suit or proceeding to the circuit or other court will not cause unnecessary hardship or inconvenience to the parties thereto, their counsel, or witnesses, or unreasonable delay in the final hearing or disposition of the suit or proceeding.

Under the above quoted statute, jurisdiction of the chancery court is not reasonably open to question. We are of the opinion and hold that the filing of the complaint in the chancery court tolled the statute of limitations found in T.C.A. § 28-3-110 and that the appellants were not prejudiced by the transfer of the case to the circuit court.

7

Accordingly, we affirm the judgment of the trial court in all respects.  Costs are assessed to the appellants and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

FIRST TENNESSEE BANK NATIONAL ) BLOUNT CIRCUIT
ASSOCIATION, ) C. A. NO. 03A01-9711-CV-00514
)
     Plaintiff-Appellee )
)
)
)
vs. ) HON. W. DALE YOUNG
) JUDGE
)
)
)
RONALD A. WHITE, BERYL A. WHITE,) AFFIRMED AND REMANDED
and DEBRA K. WHITE, )
)
     Defendants-Appellants )

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Circuit Court of Blount County and briefs filed on behalf of the respective parties, oral argument having been waived. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellants and this case is remanded to the trial court.

PER CURIAM